# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                  No. CR 04-1557 JB

DAVID BARKSDALE PEREA,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Objections to Presentence Report and Sentencing Memorandum, filed August 26, 2005 (Doc. 33); and (ii) Letter from Alonzo J. Padilla to the Honorable James O. Browning, dated September 13, 2005 (Doc. 41).  The primary issue is whether the Court should sustain Defendant David Barksdale Perea's objections to two enhancements that the United States Probation Office ("Probation") proposes in the Presentence Report ("PSR").  Because the United States has not attempted to introduce any evidence to support these enhancements, the Court will sustain Perea's objections to the PSR and, while treating the Guidelines as advisory, nonetheless impose a sentence consistent with the Guidelines.

## PROCEDURAL BACKGROUND

On August 11, 2004, a federal grand jury returned a two-count Indictment against Perea.  The grand jury charged Perea in Count I of violating 18 U.S.C. § 2241(c), Aggravated Sexual Abuse with Children; 18 U.S.C. § 2246(2)(D), Contact Between Hand and the Vagina; and 18 U.S.C. § 1153, Crime in Indian Country.  The Indictment also charged Perea in Count II of violating 18 U.S.C. § 2241(c), Aggravated Sexual Abuse with Children; 18 U.S.C. § 2246(2)(C), Digital Penetration; and

18 U.S.C. § 1153, Crime in Indian Country.

On April 7, 2005, Perea waived his right to prosecution by Indictment and consented to proceeding by Information.  See Waiver of Indictment, filed April 7, 2005 (Doc. 24).  On that same day, Perea pled guilty to a single count Superseding Information charging him with violating 18 U.S.C. § 2241(c), Aggravated Sexual Abuse With Children; 18 U.S.C. § 2246(2)(C), Digital Penetration; and 18 U.S.C. § 1153, Crime in Indian Country.

At the time of the plea, Perea admitted to the essential elements of the offense described in the Information.  He did not, however, admit to committing any other prohibited sexual acts or sexual offenses other than to what he pled guilty and which the Information describes.  See Plea Agreement, filed April 7, 2005 (Doc. 27).  Neither the Plea Agreement nor the transcript of the plea hearing indicate that Perea admitted to any other offenses involving children.  See id.; Clerk's Minutes at 1, filed April 7, 2005 (Doc. 23).

In the stipulation section of the Plea Agreement, the parties stipulated that Perea would be entitled to a three-level downward adjustment for his acceptance of responsibility.  See Plea Agreement at 4.  Perea submitted a statement to the Probation Officer taking responsibility for the conduct that the Information describes.  See PSR at 9.  The parties further stipulated in the Plea Agreement that the victim of the offense had not attained the age of twelve within the meaning of U.S.S.G. § 2A3.1(b)(2)(A).  See Plea Agreement at 4.

On August 26, 2005, Perea filed his Objections to Presentence Report and Sentencing Memorandum.  While Perea states that he does not oppose a four-level upward adjustment because the victim had not yet attained the age of twelve, he objects to the other upward adjustments that the PSC recommended.  See Objections to PSR at 2-4.  The PSR concludes that these upward

adjustments apply to Perea because, it alleges, the victim was in Perea's "custody, care or supervisory control" pursuant to U.S.S.G. § 2A3.1(b)(3) and Perea engaged in "a pattern of activity involving prohibited sexual conduct" pursuant to U.S.S.G. § 4B1.5(b)(1). See PSR at 11.

In addition, Perea attacks the inclusion in paragraph 36 of the PSR of statements made by the victim's mother that he had fondled and abused other children in the family. See Objections to PSR at 5. Perea asks the Court to delete paragraphs 12 and 28 from the PSR because, among other things, the information contained therein is based on unreliable hearsay without factual support. See id. Perea requests that the Court impose a sentence at the low end of the applicable Guidelines range, which is seventy-eight to ninety-seven months, based on an offense level of 28 and a Criminal History Category of I. See id. at 5-6. Perea also submitted a sentencing memorandum and a letter requesting that the Court impose a minimal sentence under the guidelines. See id. at 6-7.

At the sentencing hearing on September 14, 2005, Perea reiterated his objections to the upward enhancements. See Transcript of Hearing at 4:18-5:16, 8:13-9:24 (taken September 14, 2005).[1] The United States did not present any evidence to support the Probation Officer's position on the disputed upward enhancements. See id. at 3:20-4:4, 8:4-9.

## ANALYSIS

If the United States had presented evidence to support the proposed enhancements, there might have been more of an issue for the Court to resolve. Once, however, the United States chose not to present evidence, there was little or no basis for the Court to enhance Perea's sentence. Accordingly, the Court will sustain Perea's objection to the enhancements, but otherwise overrule

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

his objections.

**I.     THE UNITED STATES MUST PROVE ANY ENHANCEMENT BY A PREPONDERANCE OF THE EVIDENCE.**

There can be no dispute, after United States v. Booker, 125 S. Ct. 738 (2005), that the Sentencing Guidelines are now advisory.  See id. at 756 (excising the portion of the Sentencing Guidelines that made it mandatory and thus "mak[ing] the Guidelines effectively advisory"); United States v. Delacruz-Soto, 414 F.3d 1158, 1167 (10th Cir. 2005)(explaining that "Booker rendered [the Sentencing Guidelines] merely advisory").  Nevertheless, before considering the Guidelines, the Court must determine what the Guidelines sentence would be.  And it is up to the United States to establish facts necessary for an upward adjustment.  See United States v. Rutter, 897 F.2d 1558, 1560 (10th Cir. 1990)("We recently decided that the quantum of proof required for factual determinations under the Sentencing Guidelines is a preponderance of the evidence and the burden of proof generally is allocated to the government for sentence increases and to the defendant for sentence decreases.")(citation omitted).  There is nothing in Booker or in subsequent Tenth Circuit law that suggests that the burden of proof or the standards of proof has changed.

Perea contends that it is necessary either for the United States to prove specific offense characteristics that will increase a person's sentence to a jury beyond a reasonable doubt or for the defendant to admit to those enhancements during a plea proceeding.  See Objections to PSR at 3-4. The Court agrees that the United States has the burden of proof if the defendant does not admit to the facts supporting the enhancements, but the Court does not believe that the standard of proof  has changed.  While the Sixth Amendment would require proof to a jury beyond a reasonable doubt if the Guidelines were mandatory, advisory guidelines do not require such a standard or such a factfinder.

Accordingly, the United States need prove such enhancements only by a preponderance of the evidence.  See United States v. Rutter, 897 F.2d at 1560.  In any case, because the United States did not meet the preponderance of evidence standard in this case, it certainly did not prove those facts beyond a reasonable doubt.

**II.      THE UNITED STATES HAS NOT SHOWN BY A PREPONDERANCE OF THE EVIDENCE THAT THE VICTIM WAS IN PEREA'S CARE OR CUSTODY.**

Perea contends that the victim was never in his care or custody.  See Objections to PSR at 2-3.  Perea represents that he was staying as a guest in the home of the victim's mother when he committed his crime, but the mother never gave him the responsibility of caring for or otherwise supervising the victim.  See id. at 2.  Perea argues that the discovery provided by the United States indicates the victim's mother was in a back bedroom when the abuse occurred.  See id.

The Court agrees with Perea that, if the mother was present, the Court could reasonably presume that she was the person who was caring for the victim and not Perea.  Furthermore, the United States declined to put forward any evidence at the sentencing hearing to justify an enhancement on this basis, thereby failing to meet its burden of preponderance of the evidence.  See Transcript of Hearing at 3:22-4:4.

If the United States had believed this was a sentencing issue, they could have required a stipulation in the Plea Agreement that required Perea to admit that he was caring for or otherwise supervising the victim.  Instead, there is no evidence to support such a conclusion, and the PSR's unsupported conclusion that it "appears the victim was in the custody, care, or supervisory control of Defendant" is not sufficient.  PSR at 10.  Therefore, the evidence does not support or justify the two-level adjustment recommended in paragraph 31.

Accordingly, the Court will decline to make the two-level upward adjustment that Probation recommends.

## III.   THE   REPEAT-AND-DANGEROUS-SEX-OFFENDER   SECTION OF THE SENTENCING GUIDELINES IS NOT APPLICABLE TO THIS CASE'S FACTS.

Perea similarly objects to the application of this particular provision because of the Supreme Court's holdings in <u>Blakely v. Washington</u> and <u>United States v. Booker</u>. <u>See</u> Objections to PSR at 3-4. As explained above, the United States carries the burden of proving sentence enhancements by a preponderance of the evidence. <u>See</u> <u>United States v. Rutter</u>, 897 F.2d at 1560.

Paragraph 36 alleges that Perea abused two women when they were children. <u>See</u> PSR at 11; Objections to PSR at 4. Perea represents that there is no evidence from the United States' discovery that indicates that the allegations in paragraph 36 ever took place. <u>See</u> Objections to PSR at 4. Perea asserts that he has maintained contact with the women he allegedly abused in paragraph 36 and that they would deny the allegations if asked. <u>See</u> <u>id.</u>

Paragraph 36 also refers to a male juvenile who allegedly described an incident where Perea improperly touched him. <u>See</u> PSR at 11. Perea denies that he ever committed this offense. <u>See</u> Objections to PSR at 4.

As with the care or custody enhancement, the United States declined to offer evidence at the hearing to satisfy its burden. <u>See</u> Transcript of Hearing at 8:4-9. The Court is concerned that the hearsay statements supporting the allegations in paragraph 36 are unreliable given the bias of their source -- the victim's mother. <u>See</u> PSR at 11. The hearsay statements in paragraph 36 are too unreliable for the Court to base a sentence enhancement upon them. The evidence therefore does not support or justify the five-level adjustment recommended in paragraph 36.

Accordingly, the Court will decline to make the five-level upward adjustment that Probation recommends.

## IV.    THE COURT WILL NOT DELETE PARAGRAPHS 12 AND 28 OF THE PSR.

Perea objects to paragraphs 12 and 28 on pages 5 and 8, respectively, of the PSR, which report allegations by the victim's mother that Perea had abused other women.  See Objections to PSR at 5; PSR at 5, 8.  Perea contends that there is no evidence to support the mother's allegations about other victims that he abused.  See Objections to PSR at 5.  These paragraphs merely state what the victim's mother recounted to the FBI and Probation.  The paragraphs are reasonably based upon statements that she made.  While the information she transmits may be unreliable, Perea cannot travel back in time and erase from history what the victim's mother said.  She said what she said.  To make an informed sentencing decision, the Court needs to review all information, not just information favorable to Perea.  The Court should not delete information merely because its source is critical of Perea or it may adversely affect Perea when he begins to serve his sentence.  Accordingly, the Court will not delete paragraphs 12 or 28.

## V.    THE COURT WILL GIVE PEREA A GUIDELINES SENTENCE.

The victim is now 15 years old; the sentence should be long enough to ensure that she is an adult before Perea is released.

The Court and Perea agree on what the Guidelines range is.  Perea urges the Court to give him a sentence at the low end of the Guidelines range.  As the transcript of the sentencing hearing and this opinion reflect, the Court has considered the Guidelines, but under Booker, in arriving at a sentence, the Court must take account of the Guidelines with other sentencing goals.  Specifically, the Court considers the Guidelines' sentencing range established for the applicable categories of

offence committed by the applicable defendant.  The Court believes, and apparently Perea agrees, that the punishment set forth in the Guidelines is appropriate for this sort of offense.

The question then becomes when in that range to set the Sentence.  While Perea urges a sentence at the low end, the Court thinks Perea's crime is severe and is not a low-end crime.  On the other hand, there is nothing exceptional that justifies treating him differently than most defendants before the Court, which never sentences at the low end of the range.  Hence the sentence will be closer to the low end of the range than the top end of the range.

The Court believes that a sentence of 81 months reflects the sentence of this offense, promotes respect for the law,  provides just punishment, affords adequate deterrent, protects the public, and, because of other aspects of the sentence, will provide Perea with the care and counseling he needs.  This sentence fully reflects each of the factors embodied in 18 U.S.C. § 3553(a).  The Court also believes the sentence is reasonable.  The Court believes that the sentence is sufficient, but not greater than necessary, to comply with the purposes of punishment set forth in the Sentencing Reform Act.

**IT IS ORDERED** that the Court sustains Perea's Objections to Presentence Report.


_____
UNITED STATES DISTRICT JUDGE

Counsel:

Kyle T Nayback
   Assistant United States Attorney
Albuquerque, New Mexico

        *Attorney for the Plaintiff*

Alonzo J. Padilla
   Assistant Federal Public Defender
Albuquerque, New Mexico

        *Attorney for the Defendant*